35 F.3d 568
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sir Victor William BRYANT, I, Defendant-Appellant.
 No. 94-1292.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 2, 1994.
Decided Aug. 16, 1994.
 
 Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Defendant Bryant pleaded guilty to credit card fraud, in violation of 18 U.S.C. Sec. 1029(a)(2), and was sentenced to a combination of probation and work release.
 
 
 2
 To the extent Bryant asks us to evaluate the district court's decision to include work release (rather than, say, home detention) in the sentence, we lack jurisdiction. The Sentencing Guidelines authorize a sentence of the length and kind the district judge entered. Just as a request to depart below the presumptive sentencing range is not reviewable on appeal, United States v. Franz, 886 F.2d 973 (7th Cir.1989), so a request for a different variety of custody is not among the topics for which appellate review has been authorized by statute. See 18 U.S.C. Sec. 3742(a). (Bryant does not contend that the district court miscalculated under the Guidelines or misunderstood the extent of its authority.)
 
 
 3
 To the extent Bryant asks us to evaluate the terms and conditions of the probation, we have jurisdiction but believe the terms within the district court's discretion. The district court ordered Bryant to submit to alcohol and drug treatment. These are common terms of probation, expressly authorized by statute. 18 U.S.C. Sec. 3563(b)(10). The district court could find, on the evidence presented, that Bryant has a substance abuse problem. Although Bryant believes that he has overcome it, and that the credit card fraud was not the result of drugs, the district court was entitled to insist on precautions.
 
 
 4
 DISMISSED IN PART; AFFIRMED IN PART.